## MATTER OF TONGA

### In Deportation Proceedings

#### A-14674907

*Decided by Board May 23, 1966*

Since applicant's preconceived intention to remain permanently in the United States was conditioned on future possibility, and in view of the negative bias of his U.S. citizen brother who appeared with, and supplied answers for, him, it has not been established he is ineligible for adjustment of status under section 245, Immigration and Nationality Act, as amended, as a matter of discretion, particularly since substantial equities exist: a native-born citizen child of tender years, the presence here of his wife and alien child, employment at a salary sufficient to support his family, and a naturalized citizen brother in this country.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (temporary visitor)—Remained longer.

The special inquiry officer, in a decision dated November 26, 1965 denied the respondent's application for adjustment of status to that of a permanent resident; granted his alternative request for voluntary departure; and provided for his deportation from the United States to Tonga, on the charge contained in the order to show cause, in the event of his failure to so depart. The respondent's appeal from that decision, which is directed to the denial of his application for adjustment of status to that of a permanent resident, must and will be dismissed.

The record relates to a 27-year-old married male alien, a native and citizen of Tonga, who last entered the United States on or about October 12, 1964. He was then admitted as a temporary visitor for a period until April 12, 1965. On July 26, 1965, his application for adjustment of status to that of a permanent resident was administratively denied. He was then granted until August 22, 1965. to depart voluntarily from the United States. On August 9, 1965. the respondent having indicated that he did not desire to depart

but, rather, to renew his application for adjustment of status in deportation proceedings, the privilege of voluntary departure was revoked. These proceedings followed.

The foregoing establishes the respondent's deportability on the charge contained in the order to show cause. This was conceded in the course of the hearing before the special inquiry officer, and it is unchallenged here. This aspect of the case, accordingly, needs no further discussion.

The special inquiry officer has granted the respondent's alternative request for voluntary departure. Suffice it to say, in this connection, that the record before us supports said official's action in this respect. Further comment on the point is unnecessary.

Basically, in denying the respondent's application for adjustment of status to that of a permanent resident, the special inquiry officer relied on a prior precedent decision of this Board (*Matter of G—C. Int. Dec.* No. 1335), wherein we held that an alien who sought and gained entry into the United States with a preconceived intention of establishing permanent residence, should have his application for status as a permanent resident denied as a matter of discretion. In so doing, said officer pointed out that the respondent testified that when he applied for his visitor's visa he sent a letter to the United States Consul at Fiji, to whom he had applied for an immigrant visa in 1961, in which he informed the Consul that he wished to come to this country as a visitor and he would have to return to Tonga because he was employed and had his wife and child there. The special inquiry officer stressed that as soon as the respondent received the nonimmigrant visa, he sold his business; and that when he came to the United States, it was his intention to remain permanently, if he could. The special inquiry officer emphasized the fact that the respondent obtained employment in November of 1964, but that in his application for adjustment of his status to that of a permanent resident submitted to the Service he did not show that he was employed; and that when questioned by an immigrant inspector on March 15, 1965, in connection with that application, he stated that he had not been employed. The special inquiry officer pointed out that on December 23, 1964, the respondent's wife and daughter came to the United States as visitors; that his wife has also filed an application for adjustment of her status to that of a permanent resident; and that action on her application is being held in abeyance pending the outcome of the respondent's case.

The business which the respondent supposedly disposed of after he received his visa appears to be a family enterprise. No details

of a formal transfer thereof have been furnished. It is presently being conducted by the respondent's brother who remained on Tonga. For all the record shows, there was merely an arrangement to have the brother still in Tonga continue to operate the family concern in the respondent's absence. Also, this aspect of the case is somewhat confused by the fact that respondent's brother in this country, a naturalized citizen, admits he told the Service there had been a sale of the business to spite the respondent, who had committed several traffic violations in his brother's car and the latter had been held responsible for them.

Also, it appears that the respondent had not yet become employed at the time his application for adjustment of status was filled out to show him as "unemployed." It is not entirely clear whether the respondent or his brother completed the form. But it is clear that when same was considered by the Service, the respondent's brother was present: that he supplied answers for the respondent; that their personal differences had not then been resolved; and that the brother was then desirous of having the respondent deported. It is also evident that the respondent, who had only recently arrived in the United States, was relying on his brother's assistance to a great extent.

The respondent's statement that "it was his intention to remain permanently in the United States" was, as indicated by the special inquiry officer, qualified by the phrase "if he could." Thus limited, the respondent's recital is not necessarily indicative of a preconceived intent to circumvent the normal immigrant visa-issuing process. Very reasonably, the appended condition could be interpreted as a mental reservation depending for fulfillment upon future facts and the law permitting the possibility to become a reality.

Under the foregoing circumstances, and with particular attention to the brother's bias, which cannot be ignored, we cannot conclude that the evidence of record as to the bona fides of the respondent at the time of his entry is sufficiently clear to serve as a basis for denying relief herein, as a matter of discretion. In any event, in a prior precedent decision apparently referred to by the special inquiry officer (*Matter of R—V—*, Int. Dec. No. 1466), we clearly pointed out that a preconceived plan by an alien to come to the United States as a nonimmigrant and thereafter receive permanent resident status, would not necessarily require a decision adverse to the alien. We specifically pointed out therein that there are, conceivably, instances where substantial equities may intervene and warrant favorable exercise of relief as a matter of discretion.

Here, we are now confronted with a minor native-born citizen child of tender years. One of the respondent's brothers is a naturalized citizen of this country. His wife and their alien child are here. The respondent is presently employed by Trans World Airlines at a salary of $417 a month and appears to be able to support his family properly. Under these circumstances, and in view of the foregoing, it is our judgment that denial of relief here is not warranted on the basis of discretion. However, the application must be denied on the ground of ineligibility.

Section 245(a) of the Immigration and Nationality Act, as amended (8 U.S.C. 1255) requires, *inter alia*, that an alien applicant for relief thereunder must be eligible to receive an immigrant visa, and that an immigrant visa be immediately available to him at the time his application is approved. As the brother of a United States citizen, respondent may be entitled to preference status under section 203(a)(5) of the Act (8 U.S.C. 1153), but 8 CFR 245.1(d) specifically provides that an alien so situated "* * * is not eligible for the benefits of section 245 of the Act unless he is the beneficiary of a valid unexpired visa petition filed in accordance with Part 204 of this chapter and approved to accord him such status. * * *"; and it does not appear that the respondent can now meet this requirement. Alternatively, because of his employment previously mentioned, respondent would be entitled to nonpreference status; but 8 CFR 245.1(e) specifies that such an alien "* * * is not eligible for the benefits of section 245 of the Act unless he presents with his application a certification issued by the Secretary of Labor under section 212(a)(14) of the Act (8 U.S.C. 1182), or unless he establishes that his occupation is included in the current list of categories of employment for which the Secretary of Labor has issued a blanket certification under that section (Schedule A, 29 CFR 60):"; and the record does not demonstrate compliance with this condition.

As the record now stands, the special inquiry officer's decision must be affirmed. However, the factors discussed in the preceding paragraph may properly be taken into consideration by the appropriate District Director of the Immigration and Naturalization Service in setting the time for the respondent's voluntary departure or deportation. Also, in the event circumstances arise which change the legal posture of the case, there is available to the respondent a remedy by way of a motion for reconsideration.

**ORDER:** It is ordered that the appeal be dismissed.